IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AEROTEK, INC. | * | |
| Plaintiff | * | |
|  | * | Civil Case No. JKB-22-2748 |
| v. | * | |
| BERNARD IRBY INC., et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Currently pending is Plaintiff Aerotek, Inc's Motion for Default Judgment. (ECF No. 18.) Defendants have failed to respond to the Motion or to otherwise defend this action. No hearing is necessary to resolve the Motion. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, the Court lacks personal jurisdiction over Defendants. Accordingly, the Court will deny Plaintiff's Motion for Default Judgment and dismiss this case.

### I.   *Factual Background[1] and Procedural History*

Plaintiff is a Maryland corporation whose claims in this case involve damages it sustained from Defendants' breach of a "Services Agreement" entered into by the parties in 2021. (Compl., ECF No. 1, ¶¶ 1, 4, 14–30.) Defendants, Bernard Irby Inc. and Bernard Irby Construction & Services Co., are two North Carolina corporations with principal places of business in North Carolina. (*Id.* ¶¶ 2–3.) On February 22, 2021, the parties entered into a Services Agreement (the

---

[1] Defendant, "by [its] default, admits the plaintiff's well-pleaded allegations of fact[.]" *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, at this stage of litigation, the Court accepts as true the well-pleaded facts alleged in the Complaint.

"Agreement") in which Plaintiff agreed to provide Defendants with staffing services in exchange for payment. (*Id.* ¶ 4; *see also* Agreement, Ex. A to Compl., ECF No. 1-2.) Pursuant to the Agreement, Plaintiff provided services to Defendants from June 1, 2021 to October 9, 2021. (Compl. ¶ 9.) But, after Plaintiff billed Defendants for services performed under the Agreement and made several follow-up requests for payment, Defendants did not reimburse Plaintiff. (*Id.* ¶¶ 10–13.) Accordingly, Plaintiff's Complaint seeks "a sum in excess of $185,557.27" as well as late fees, interest, attorneys' fees, costs, and disbursements. (*Id.* ¶ 30.)

Plaintiff commenced this action on October 26, 2022, asserting claims for breach of contract, account stated, and unjust enrichment. (*See generally id.*) After Defendants failed to answer or otherwise defend this action, Plaintiff moved for entry of default. (ECF No. 12.) The Clerk entered default against Defendants on February 6, 2023. (ECF Nos. 13, 15.) Plaintiff filed the instant Motion for Default Judgment on February 15, 2023. (ECF No. 18.) In its Motion, Plaintiff seeks a default judgment of $185,557.27, costs amounting to $2,104.14, pre-judgment interest amounting to $16,115.72, and post-judgment interest calculated at the legal rate from the date of entry. (Mem. Supp. Mot. Default J., ECF No. 18-1, at 2–4.)

## II.   *Legal Standards*

After an entry of default under Rule 55(a), a party may move for default judgment. Fed. R. Civ. P. 55(b)(2). Entry of default does not alone entitle a plaintiff to judgment as of right:

> The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover. The court must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought in [the] action.

*Ryan*, 253 F.3d at 780 (citations omitted).

Relevant to this case, the Fourth Circuit has not determined whether a district court should examine the existence of personal jurisdiction before entering a default judgment; nonetheless, it

2

has held that "any judgment entered against a defendant over whom the Court does not have personal jurisdiction is void." *Gonzalez v. Spunk Indus., Inc.*, Civ. No. ELH-18-2935, 2019 WL 4392951, at *2–3 (D. Md. Sept. 13, 2019) (quoting *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998)). Accordingly, this Court has recognized that "it [is] prudent to determine, prior to entry of a default judgment," whether it can exercise personal jurisdiction over a defendant. *Id.* at *3; *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 n.18 (4th ed. 2022) ("Before granting a default judgment, the court must first satisfy itself that it has personal jurisdiction over the party against whom a default judgment is requested because a default judgment entered without personal jurisdiction is void.").

To exercise personal jurisdiction over a non-resident defendant, this Court must determine that: (1) jurisdiction is authorized under Maryland's long-arm statute; and (2) the exercise of jurisdiction comports with due process. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Regarding the first prong of the analysis, this Court has held that a plaintiff must identify a specific provision within the Maryland long-arm statute which authorizes personal jurisdiction. *See Johansson Corp. v. Bowness Const. Co.*, 304 F. Supp. 2d 701, 704 (D. Md. 2004). With respect to the second prong, "due process requires only that . . . a defendant . . . have certain minimum contacts [with the forum state,] . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

Moreover, the Fourth Circuit has explained that personal jurisdiction may be either "general" or "specific":

> [If the] defendant's contacts with the forum state . . . form the basis for the suit, they may establish "specific jurisdiction." In determining whether specific jurisdiction exists, [the Court] consider[s] (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the

3

> plaintiffs' claims arise out of those activities directed at the state; and (3) whether
> the exercise of personal jurisdiction would be constitutionally "reasonable." If,
> however, the defendant's contacts with the state are not also the basis for the suit,
> then jurisdiction over the defendant must arise from the defendant's general, more
> persistent, but unrelated contacts with the state. To establish general jurisdiction,
> the defendant's activities in the state must have been "continuous and systematic."

*Carefirst*, 334 F.3d 390, 397 (4th Cir. 2003) (internal citations omitted). "[W]hen, as here, the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

### III.   Analysis

Because "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void," see *Koehler*, 152 F.3d at 306–07, the Court begins its analysis by examining whether a basis exists for exercising personal jurisdiction over Defendants. Upon review of the filings in this case, the Court is unable to identify any such basis.

Neither the Complaint nor the instant Motion address the issue of personal jurisdiction. (*See generally* Compl., Mem. Supp. Mot. Default J.) Given this, Plaintiff has not explained: (1) whether the Court's jurisdiction over Defendants is general or specific; (2) which provision of Maryland's long-arm statute applies in this case; or (3) whether exercising personal jurisdiction over Defendants comports with due process requirements. Moreover, Plaintiff does not allege that Defendants, both of whom are North Carolina corporations, have conducted any activities in Maryland or taken any actions that would subject them to jurisdiction here. Specifically, the Complaint provides no clarity on where Defendants signed the Agreement or where the staffing services at issue in this case were performed. While the parties' Agreement contains a provision

providing that Maryland law shall govern their disputes, (*see* Agreement at 5), a choice-of-law provision on its own is insufficient to confer jurisdiction over a defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). Further, the Agreement lacks any provision (such as a forum selection clause) suggesting that Defendants have consented to suit in Maryland. (*See generally* Agreement.)

For these reasons, Court determines that it lacks personal jurisdiction over Defendants and is therefore unable to enter a valid default judgment against them. *See Koehler*, 152 F.3d at 306–07. Accordingly, the Court: (1) denies Plaintiff's Motion for Default Judgment; and (2) and dismisses this case without prejudice to a motion for reconsideration which satisfies Plaintiff's burden of demonstrating the existence of personal jurisdiction over Defendants.

## IV.    Conclusion

For the reasons stated above, a separate Order shall issue denying Plaintiff's Motion for Default Judgment (ECF No. 18) and dismissing this case.

DATED this 25 day of April, 2023.

BY THE COURT:

James K. Bredar
Chief Judge